UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS, et. al., | No. 2:21-cv-2151-JAM-KJN (PS) |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS; ANCILLARY ORDER |
| v. | (ECF Nos. 6, 12, 14, 20.) |
| WASHINGTON MUTUAL BANK, et al., | |
| Defendants. | |

On October 18, 2021, plaintiffs filed a complaint in California Superior Court alleging claims against defendants Washington Mutual Bank, Schools Financial Credit Union, JP Morgan Chase Bank, and Quality Loan Services Corp. (ECF No. 1-1 at 198-224.) Defendant Chase removed to this court and moved to dismiss.[1] (ECF Nos. 1, 6.) Plaintiff moved to remand the case, which defendants opposed. (ECF Nos. 14, 17, 23.) Shortly after, defendants Quality and SFCU entered and moved to dismiss. (ECF Nos. 14, 20.) Multiple parties requested judicial notice of certain documents, and plaintiff filed a motion to strike defendants' affirmative defenses. (ECF Nos. 7, 11, 21, 25, 26.)

For the reasons set forth below, the undersigned recommends: (I) denying plaintiffs' motion to remand; and (II) dismissing the complaint with prejudice against all parties.

---

[1] Plaintiffs proceed in this action without assistance of counsel; thus, this case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). See L.R. 304.

1

**BACKGROUND**[2]

Plaintiff previously resided at a house located in Sacramento County. (ECF No. 1-1 at 201 ¶ 2.) In 2007, plaintiff secured a home equity line of credit on the house with defendant Washington Mutual Bank ("WaMu"). (Id. at ¶ 3.) In 2008, WaMu was taken into receivership by the FDIC and later purchased by defendant JP Morgan Chase. (Id.; see also ECF No. 7-2, the "Purchase and Assumption Agreement" between the FDIC and Chase.) Chase notified plaintiff of this fact in 2009, and plaintiff began making mortgage payments to Chase at that time. (ECF No. 1-1 at 201 ¶ 3.) In 2017, plaintiff secured another loan on the house from defendant Schools Financial Credit Union. (ECF No. 1-1 at 203 ¶ 7; ECF No. 21 at 5-9.)

In June 2019, plaintiff ceased paying Chase on the loan. (See ECF No. 7-4.) In January 2020, Chase appointed defendant Quality as the foreclosure trustee, who recorded a notice of default and election to sell with the Sacramento County Recorder's Office. (ECF No. 1-1 at 203-04 ¶ 10; ECF No. 12-2 at Exs. 3 & 4.) Quality recorded the notice of trustee sale in September 2021, sold the home to defendant Chase in October, and delivered notice of the latter to plaintiff in December. (Id. at Exs. 5 & 6.; see also ECF No. 11 at ¶¶ 1-5, plaintiff's affidavit.)

---

[2] Those facts ascertainable from the complaint are included in this background section, and are construed in the light most favorable to plaintiff—the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court is not required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Additionally, when reviewing a motion to dismiss, courts are permitted to consider undisputed facts contained in judicially-noticeable documents without converting the motion to one of summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (judicial notice proper for exhibits "on which the [c]omplaint necessarily relies."). Here, the parties have provided a number of exhibits that are judicially noticeable, and so the court will rely upon these documents in these findings and recommendations. See Fed. R. Evid. 201. The documents include recorded notices related to the loan, Chase's purchase of WaMu, and information related to the foreclosure proceedings. See, e.g., Gamboa v. Tr. Corps, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and are easily verifiable.").

**Procedural Posture for 2:21-cv-2151**[3]

In October, 2021, plaintiff filed the instant complaint in California Superior Court. In November, and prior to service, Chase removed to this court, moved to dismiss, and requested judicial notice. (ECF Nos. 1, 6, 7.) In December, plaintiff moved to remand and requested judicial notice. (ECF Nos. 11, 14.) Thereafter, Quality moved to dismiss and requested judicial notice. (ECF Nos. 12 and 12-2.) In January, 2022, Chase opposed remand. (ECF No. 17.) SFCU moved to dismiss (set for a March 1, 2022 hearing), requested judicial notice, and joined Chase's remand opposition. (ECF Nos. 20, 21, 23.) Plaintiff replied, seeking to strike defendant Chase's affirmative defenses under the guise of a motion for judicial notice. (ECF Nos. 25, 26.)

The court heard the motions to remand and dismiss alongside another of plaintiff's cases at a January 25, 2022 hearing. (See ECF No. 27.)

**DISCUSSION**

**I. Defendant Chase's Removal and Plaintiff's Motion to Remand**

Plaintiff seeks remand, appearing to argue Chase's notice of removal was defective and the court lacks subject matter jurisdiction. (See, generally, ECF No. 14.) Chase opposes, arguing that the complaint attempts to state federal causes of action, as well as the fact that Chase and plaintiff are completely diverse and the other defendants are nominal and fraudulently joined. Chase argues any procedural defects are cured by Quality and SFCU's post-removal consent.

The undersigned finds it has subject matter jurisdiction under either 28 U.S.C. Sections 1331, 1332, Chase's removal was proper, and consent to removal from Quality and SFCU was not required.

////

---

[3] Plaintiff also filed an action against defendants Chase and Quality (among others) in this court, each of whom moved to dismiss in late 2019. (See 2:21-cv-1908-JAM-KJN.) For judicial economy, the undersigned heard this case alongside the 21-cv-1908 case, but issued a separate set of findings and recommendations for each, as the district judge had not consolidated or otherwise related the two actions. (See Id. at ECF No. 30.) Further, the court notes the docket in 2:21-cv-1809-JAM-AC, wherein plaintiff brought various constitutional claims against Donna Allred of the Sacramento County Recorder's Office. The magistrate judge in the 21-cv-1809 case screened plaintiff's complaint pursuant to 28 U.S.C. § 1915, provided her with two opportunities to amend, and ultimately recommended the claims be dismissed with prejudice for failure to state a claim.

**Legal Standard – Removal and Remand**

Under the removal statute, a defendant may remove a case to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). The party seeking removal bears the burden of establishing federal jurisdiction. Id. A notice of removal is to contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Removal is to be noticed "within 30 days of receipt of the initial pleading," or, in cases of diversity jurisdiction, within "one year after commencement of the action." 28 U.S.C. § 1446(b), (c).

Federal courts are courts of limited jurisdiction, and so the statute is strictly construed against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) ("A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turn[s] on some construction of federal law."). District courts also have jurisdiction to hear disputes based on state law where the amount in controversy exceeds $75,000 and there is complete diversity between the parties. 28 U.S.C. § 1332; see also GranCare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("Complete diversity means that each plaintiff is of a different citizenship from each defendant.").

Filing a motion to remand is the proper way to challenge removal. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). While a district court may remand a case for lack of subject-matter jurisdiction at any time, a court may only remand a case based on defect in removal procedure upon the timely filing of a motion to remand. 28 U.S.C. § 1447(c).

**Analysis**

Here, defendant Chase's notice of removal references 28 U.S.C. Section 1331. (See ECF No. 1 at 3.) The core of plaintiff's complaint appears to be a quiet title action and related request for injunction. (See ECF No. 1-1 at 200.) However, the complaint explicitly discusses "false debt collection" and Chase's failure to "validate the debt" pursuant to the Fair Debt Collections

Practices Act (15 U.S.C. 1692 et seq.). (See Id. at 203, 208, 215, 217.) Plaintiff stated at the hearing she intended to include reference to the FDCPA as information related to her case. A liberal interpretation of the complaint indicates plaintiff is attempting to assert claims under federal law. See Hebbe v. Pliler, 627 F.3d 338, 342, n.7 (9th Cir. 2010) (noting that pro se pleadings are to be liberally construed). The presence of, at a minimum the FDCPA claim, provides the court with jurisdiction under 28 U.S.C. Section 1331. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Provincial Gov't of Marinduque, 582 F.3d 1083 at 1091; see also Green v. All. Title, 2010 U.S. Dist. LEXIS 92203, at *6-8 (E.D. Cal. Sep. 2, 2010) (finding removal to be proper based on plaintiff's claim under the FDCPA, and exercising supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. Section 1367).

However, even assuming for the sake of argument plaintiff did not intend to state an FDCPA claim, Chase's notice of removal also references 28 U.S.C. section 1332. (See ECF No. 1 at 4-6.) The complaint repeatedly references a mortgage agreement, and it is clear from the judicially noticeable documents that the amount in controversy is over $75,000. (See ECF No. 1-1 at 201 ¶ 12 (discussing an amount in controversy of $139,167.69); ECF No. 7-4 at 3 (noting an alleged obligation of $120,000).) Further, Chase argues that it and plaintiff are completely diverse, with the former being at home in Ohio and the latter in California. (See, generally, ECF No. 1 at ¶¶ 10-12; ECF No. 1-1 at 201 ¶ 2). Under these facts, Chase's removal was proper under 28 U.S.C. Section 1332.

Plaintiff points out that she has named two other defendants, Quality and SFCU, who are both alleged to be citizens of California. If true, this would indicate the court would lack diversity jurisdiction. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant). However, in determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who is nominal or has been fraudulently joined. Grancare, 889 F.3d at 548 (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914)).

///

5

Here, and as discussed below, defendants correctly note that Quality and SFCU have no bearing on this dispute. Quality is merely a nominal defendant, as it was the trustee selected by Chase to record notices and conduct the foreclosure sale. See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) ("The paradigmatic nominal defendant is a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection."). Further, Quality and SFCU appear to have been fraudulently joined, as Quality has no interest in the property, and SFCU took no action against the property when Chase noted the default and decided to move the foreclosure proceedings forward. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (noting that fraudulent joinder may be established by an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."). Thus, the diversity analysis for removal purposes remains between plaintiff and Chase—the real party to the controversy in plaintiff's quiet title action. As such, even assuming for the sake of argument plaintiff amended in order to omit the federal claims, the court also finds complete diversity exists under Section 1332. GranCare, 889 F.3d at 548.

Finally, to the extent plaintiff challenges the method and timing of defendant Chase's removal to this court, the undersigned finds there to be no issues requiring remand. Under 28 U.S.C. section 1446(b)(1), a defendant's 30 day window to remove a case to federal court does not begin to run until "formal service" has been effected. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Here, Chase removed to this court on November 19, 2021, prior to it having been served by plaintiff in the state court action. (ECF No. 1.) Further, as nominal/fraudulently joined parties, there was no need for Chase to obtain consent from Quality or SFCU. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (noting that all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties).

Thus, the undersigned finds removal was proper under 28 U.S.C. Section 1441, either due to the presence of a federal question or to complete diversity of the parties and amount exceeding $75,000.

///

## II. Defendants' Motions to Dismiss

Defendants Chase, Quality, and SFCU[4] each moved to dismiss the claims asserted against them, generally relying on Federal Rule of Civil Procedure 12(b)(6) to argue the complaint fails to state plausible facts on which relief may be granted. (See ECF Nos. 6, 12, 20.) Plaintiff did not formally oppose these motions, as she argued any substantive rulings on the merits of her case were for the state court to decide after remand (a position the undersigned has rejected). (ECF No. 14 at 9.) However, even assuming plaintiff's filings constitutes general opposition to dismissal, the court finds defendants' motions well taken, and recommends dismissal of all claims against all defendants with prejudice.

### Legal Standards – Failure to State a Claim

A motion to dismiss brought under Rule 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's failure to state a claim upon which relief can be granted. This generally encompasses two scenarios: where the complaint lacks a cognizable legal theory, or where it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

When a court considers whether a complaint states a claim upon which relief may be granted, all well-pleaded factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non-moving party. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by

---

[4] SFCU's motion to dismiss was filed later and set for a hearing on March 1, 2022. (See ECF No. 20.) However, the undersigned finds the claims against SFCU suffer from the same infirmities as against Chase and Quality. Therefore, SFCU's motion is taken up alongside the others in these findings and recommendations. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (allowing for dismissal of claims against additional defendants where the claims and positions align with moving defendants'); Local Rule 230(g) (allowing for the court to take motions under submission without a hearing if determined that the matter may be submitted upon the record and briefs without need for additional argument).

documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342, n.7 (9th Cir. 2010) (liberal construction appropriate even post-Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, the complaint first attempts to state an action for quiet title against all defendants. (ECF No. 1-1 at 200-15.) However, the basic fact remains that in order for plaintiff to be able to assert a quiet title claim, she must have paid her mortgage. Aguilar v. Bocci, 39 Cal.App.3d 475, 477 (1974) (for a mortgagor to quiet title to a property encumbered by a debt, he or she must first pay that debt); Shimpones v. Stickney, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."). Despite the significant amount of boilerplate, legalese, and other irrelevant information detailed in the complaint, nowhere does the complaint allege this fact. (See, generally, ECF No. 1-1 at 200-215.) Conversely, the judicially noticeable documents demonstrate plaintiff stopped paying Chase in 2019, was notified of the default and election to sell, and is no longer the owner of the residence. (See ECF No. 7-4; ECF No. 12-2 at Exs. 3, 4, 5 & 6.) Thus, her quiet title claim against Chase (much less against the foreclosure trustee Quality and secondary lienholder SFCU)

cannot stand.  See, e.g., Santos v. Ocwen Loan Servicing, LLC, 2017 WL 24869, *6 (N.D. Cal. Jan. 3, 2017) (dismissing quiet title claim against mortgagor without leave to amend because plaintiff had not paid the debt) (citing Aguilar, 39 Cal.App.3d at 477).

As for any claim under the Fair Debt Collection Practices Act, the law is clear that "[r]esidential mortgage loans fall outside of [the FDCPA's purview], and the act of foreclosing on a residential loan is outside the definition of debt collection."  See, e.g., Fuentes v. Duetsche Bank, 2009 WL 1971610, at *3 (S.D. Cal. July 8, 2009) (dismissing FDCPA claim for 'failing to validate debt' against residential mortgager because the "FDCPA only applies to consumer debts or transactions[, and] residential mortgage loans fall outside of this definition."); see also Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568, 574 (9th Cir. 2017) (finding foreclosure trustee not a "debt collector" subject to damages under the Fair Debt Collection Practices Act); Hatch v. Collins, 225 Cal.App.3d 1104, 275 (1990) (a trustee "does not stand in a fiduciary relationship" to either the beneficiary or the creditor).  Thus, to the extent the complaint attempts to state an FDCPA claim against each defendant, it is also subject to dismissal.

Ordinarily, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected.  See Lopez, 203 F.3d 1130-31.  However, it is clear that based on the state of the law, amendment would be futile.  Thus, the undersigned recommends no leave to amend be given.  Cahill, 80 F.3d at 339.

Finally, the court notes plaintiff's two most recent filings, captioned "motion for judicial notice."  (ECF Nos. 25, 26.)  Upon reviewing the filings, it appears plaintiff is attempting to move to strike Chase's affirmative defenses.  However, these were filed January 18th and 19th, and set for a hearing date of January 25, 2022.  To the extent these filings are actual motions, they are denied as deficient under Local Rule 230(b) (requiring any motions to be set for a hearing at least 28 days from the date of the filing).

///

///

///

**ORDER**

Given these recommendations, it is HEREBY ORDERED that:

1. Plaintiff's filings at ECF No. 25 and 26, to the extent they are motions to strike, are DENIED WITHOUT PREJUDICE as improperly noticed;

2. The hearing on SFCU's motion, currently set for March 1, 2022 (ECF No. 20), is VACATED, and the matter is taken under submission per Local Rule 230(g); and

3. The initial scheduling conference set for May 24, 2022 (ECF No. 5) is VACATED.

**RECOMMENDATIONS**

For the reasons stated above, it is HEREBY RECOMMENDED that:

1. Plaintiff's Motion to Remand (ECF No. 14) be DENIED;

2. Defendants' Motions to Dismiss (ECF No. 6, 12, 20) be GRANTED;

3. Plaintiff's complaint be DISMISSED WITH PREJUDICE; and

4. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nels.2151