UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS, et. al., | No.  2:21-cv-2151-JAM-KJN (PS) |
| Plaintiffs, | ORDER |
| v. | (ECF Nos. 6, 12, 14, 20, 30, 32, 33, 34, 35.) |
| WASHINGTON MUTUAL BANK, et al., | |
| Defendants. | |

On February 9, 2022, the magistrate judge filed findings and recommendations (ECF No. 30), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days.  On February 18, 2022, plaintiff filed objections to the findings and recommendations (ECF No. 31), and on March 1, 2022, defendants Chase, Schools, and Quality filed responses (ECF Nos. 33, 34, 35).  These have been considered by the court.

This court reviews de novo those portions of the proposed findings of fact to which an objection has been made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the matter on the applicable law.  See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's

1

conclusions of law are reviewed de novo.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).   The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the findings and recommendations in full.

Alongside the objections, plaintiff filed a motion to disqualify the magistrate judge in this case.  (ECF No. 32.)  A party may seek recusal of a judge based on bias or prejudice.  See 28 U.S.C. § 144.  However, to provide adequate grounds for recusal, the prejudice suffered must result from an extrajudicial source, and a judge's previous adverse ruling alone is not sufficient for recusal.  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980); United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)).  Here, plaintiff's affidavit fails to allege facts to support a contention that the magistrate judge has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source.  Sibla, 624 F.2d at 868.  Thus, plaintiff's allegation does not provide a basis for recusal, and results in denial of the motion.  Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to disqualify the magistrate judge (ECF No. 32) is DENIED;
2. The findings and recommendations (ECF No. 30) are ADOPTED IN FULL;
3. Plaintiff's Motion to Remand (ECF No. 14) is DENIED;
4. Defendants' Motions to Dismiss (ECF No. 6, 12, 20) are GRANTED;
5. Plaintiff's complaint is DISMISSED WITH PREJUDICE; and
6. The Clerk of the Court is directed to CLOSE this case.

DATED:  March 16, 2022          /s/ John A. Mendez
                                THE HONORABLE JOHN A. MENDEZ
                                UNITED STATES DISTRICT COURT JUDGE