UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, et al., <br><br> Defendants. | No.  2:21-cv-2151-JAM-KJN (PS) <br><br> ORDER DENYING MOTION TO SEAL |

  Plaintiff, who proceeds without counsel in this action, filed this action, but it has been closed pursuant to the undersigned's findings and recommendations and the district court's order adopting and judgment.  (ECF Nos. 1, 30, 37, 38.)  On May 4, 2022, the court received a document entitled "judicial notice of exercise of right to set off."  However, plaintiff labels each page as "special private priority not for public record under seal."  Thus, the Clerk held the filing until the undersigned could review what is construed as plaintiff's request to seal the filing.

  For the reasons that follow, plaintiff's request to seal the filing is denied.  Further, plaintiff is advised that because her case was closed on March 16, 2022, documents filed since the closing date will be disregarded and no orders will issue in response to future frivolous filings.

///

///

///

1

**DISCUSSION**

Requests to seal documents in this district are governed by E.D. Cal. L.R. ("Local Rule") 141. In brief, Local Rule 141 provides that documents may be sealed only by a written order of the court after a specific request to seal has been made. Local Rule 141(a). However, a mere request to seal is not enough, as the local rule requires "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing . . . ." Local Rule 141(b).

The court starts "'with a strong presumption in favor of access to court records,'" Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Plaintiff has not identified legal authority that supports sealing of the submitted document. Instead, it appears plaintiff merely labels the document as "private . . . not for public record, under seal," which is not a compelling reason to seal. Center for Auto Safety, 809 F.3d at 1096. Given this, Local Rule 140(e)(1) requires the Clerk to return the filing to plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal is DENIED;
2. The Clerk shall RETURN to plaintiff the document filed May 4, 2022, entitled "judicial notice of exercise of right to set off"; and
3. Plaintiff shall CEASE filing documents in this closed case. Any future filings deemed frivolous will be ignored.

Dated: May 10, 2022

nels.2151

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE